*FOR PUBLICATION*

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX
APPELLATE DIVISION

| | |
|---|---|
| SYLVESTER H. JULIEN and SHEILA C. JULIEN, | ) D.C. CIV. APP. NO. 2003/157 ) |
| Appellants, | ) Sup.Ct.Civ. NO. 577/2002 ) |
| v. | ) ) |
| BANK OF NOVA SCOTIA, | ) ) |
| Appellee. | ) ) |

On Appeal from the Superior Court of the Virgin Islands

Considered: August 15, 2008
Filed: April 22, 2009

BEFORE: **CURTIS V. GÓMEZ**, Chief Judge, District Court of the Virgin Islands; **RAYMOND L. FINCH**, Judge of the District Court of the Virgin Islands; and **MICHAEL C. DUNSTON**, Judge of the Superior Court of the Virgin Islands, sitting by designation.

ATTORNEYS:

**Sylvester H. Julien,** *pro se*
**Sheila C. Julien,** *pro se*
Oakland, Florida
    Attorneys for Appellants.

**Samuel T. Grey, Esq.**
St. Croix, U.S.V.I.
    Attorney for Appellee.

Per Curiam.

*Julien et al. v. Bank of Nova Scotia*
D.C. Civ. App. No. 2003/157
Memorandum Opinion
page 2

## Memorandum Opinion

This appeal arises out of an action for debt and mortgage foreclosure. Appellants, Sylvester and Sheila Julien ("Appellants") live in Oakland, Florida.[1] Bank of Nova Scotia is a financial institution doing business in the United States Virgin Islands.

## I. FACTUAL AND PROCEDURAL POSTURE

On January 8, 1999, Appellants executed a promissory note secured by a first priority mortgage on land located in Estate Peter's Rest, St. Croix. Together, Appellants agreed to pay the Bank of Nova Scotia the principle sum of sixteen thousand six hundred thirteen dollars. (App. 11.)

Eventually, the Appellants fell behind on their payments. Via letter dated May 15, 2002, the Bank notified them that $1,366.00 was immediately due to bring their account current through April of 2002. At the time, the May, 2002, payment was also due.

When the Appellants failed to pay, the Bank accelerated the principal balance and initiated a foreclosure action in the

---

[1] The correspondence between the parties and the address listed on Appellants' brief and submissions all identify Appellants' address as P.O. Box 880, Oakland, Florida 34787.

*Julien et al. v. Bank of Nova Scotia*
D.C. Civ. App. No. 2003/157
Memorandum Opinion
page 3

Superior Court.[2] The Bank unsuccessfully attempted to serve the Juliens. Thereafter, the court granted the Bank's motion for substituted service by publication. Notice was published for four consecutive weeks. Appellants failed to answer or respond and on February 3, 2003, the Clerk of the Court entered default.

On April 28, 2003, the trial court entered judgment on the default in favor of the Bank.[3] On May 13, 2003, Appellants filed their motion to set aside default judgment. Appellants argued, *inter alia*, that notice was insufficient and service was not perfected upon them.

On May 20, 2003, the court denied the Juliens' motion to set aside default judgment. On August 25, 2003, their notice of appeal followed.

## II. ISSUES PRESENTED

On appeal, these *pro se* Appellants argue that the Superior Court erred in granting the Appellee's motion for service by publication and that they were up to date in their payments.

## III. JURISDICTION AND STANDARD OF REVIEW

This Court has appellate jurisdiction to review final

---

[2] On September 12, 2002.

[3] In the amount of $4,027.69; with interest accruing after January 27, 2003 at the rate of $.9867 per diem, plus costs of $687.94 and attorneys fees in the sum of $2,000.00. The court further issued a judgment of foreclosure on the subject property in satisfaction of the debt.

*Julien et al. v. Bank of Nova Scotia*
D.C. Civ. App. No. 2003/157
Memorandum Opinion
page 4

judgments and orders of the Superior Court pursuant to V.I. CODE ANN. tit. 4, § 33. Jurisdictional questions are subject to plenary review. *Rivera v. Government of the Virgin Islands*, 981 F. Supp. 893, 897 (D.V.I. APP. Div. 1997).

## IV. DISCUSSION

The trial court issued its denial of the Appellants' motion to set aside default judgment on May 19, 2003. The Appellants filed their notice of appeal on August 25, 2003, over three months after the order issued. Although neither Appellants' primary nor supplemental briefs address the timeliness of their notice of appeal, we have a continuing obligation to examine our subject matter jurisdiction.[4]

Courts have uniformly held that the time limits on the taking of an appeal are mandatory and jurisdictional. *Pomper v. Thompson*, 836 F.2d 131, 132-133 (3d Cir. 1987); *United States v. Robinson*, 361 U.S. 220, 229 (1960); *Torockio v. Chamberlain Mfg. Co.*, 456 F.2d 1084, 1085 (3d Cir. 1972).[5]

---

[4] *See Smith*, 853 F.2d at 157; see also *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986); *Lovell Manufacturing v. Export-Import Bank*, 843 F.2d 725, 729 (3d Cir. 1988).

[5] *See Mitchell v. Maurer*, 293 U.S. 237 (1934)(An appellate court must satisfy itself not only of its own jurisdiction, but also of the jurisdiction of the courts under review.)(in banc) ("the [Fed. R. App. P. 4(a)] thirty day period for taking an appeal is mandatory and jurisdictional, *Fitzsimmons v. Yeager*, 391 F.2d 849 (3d Cir. 1968), cert. denied, 393 U.S. 868 (1968)."); *Rawlings v. Government Employees' Serv. Comm'n*, 20 V.I. 224 (D.V.I. 1983) (district court lacks jurisdiction to entertain review petition after thirty

*Julien et al. v. Bank of Nova Scotia*
D.C. Civ. App. No. 2003/157
Memorandum Opinion
page 5

V.I. Rule of Appellate Procedure 4(a) provides that

> An appeal permitted by law as of right from the Superior Court to the Appellate Division shall be taken by filing a notice of appeal with the Clerk of the Superior Court within the time allowed by Rule 5. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the Appellate Division deems appropriate, which may include dismissal of the appeal.

VIRAP 4(a)

V.I. Rule of Appellate Procedure 5(a)(1) provides, in pertinent part that,

> In a civil case in which an appeal is permitted by law as of right from the Territorial Court to the Appellate Division, the notice of appeal required by Rule 4 shall be filed with the Clerk of the Territorial Court *within thirty days after the date of entry of the judgment or order appealed from*
> . . .

VIRAP 5(a)(1) (emphasis added).

Our governing rules clearly provide that "[a]ll temporal deadlines shall be strictly construed." VIRAP 17. Yet, the Appellants' notice of appeal was filed over ninety (90) days after the challenged trial court opinion issued and over sixty (60) days after their time for taking an appeal had lapsed. Appellants have not argued that good cause or excusable neglect prevented them from perfecting a timely appeal, nor contended that their tardiness was due to unique or unusual circumstances.[6]

---

day appeal period has expired); *Benjamin v. Government Employees Serv. Comm'n*, 1978 St. T. Supp. 315 (D.V.I. 1978)(district court lacks jurisdiction to entertain review petition after thirty day appeal period has expired).

[6] Notwithstanding VIRAP 5(b)(5)'s thirty-day extension for "excusable neglect," federal caselaw recognizes that an appellate court may extend the time for filing an appeal under the "unique circumstances" doctrine. *Vigilant*

While we acknowledge that the Appellants are before us *pro se*, they are not relieved of their obligation to comply with this court's rules or applicable law. *McNeil v. United States*, 508 U.S. 106, 113 (1993)("[w]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"); *see also Malpere v. Ruyter Bay Land Ptnrs., LLC*, 2005 U.S. Dist. LEXIS 14164 (D.V.I. 2005 June 9, 2005). Therefore, because this appeal was filed out of time, we must dismiss for lack of jurisdiction. *Smith v. Evans*, 853 F.2d 155, 157 (3d Cir. 1988).

## IV. CONCLUSION

For the reasons cited above, we shall dismiss this appeal for lack of jurisdiction.

---

*v. Gov't of the Virgin Islands*, 2002 U.S. Dist. LEXIS 18025 (D.V.I. 2002); *see also Thompson v. INS*, 375 U.S. 384); *Kraus v. Consolidated Rail Corp.*, 899 F.2d 1360 (3d Cir. 1990). Under this doctrine, an appellate court may consider an otherwise out-of-time appeal if (1) the appellant relied to his or her detriment on a trial court's affirmative statements or actions and (2) it was reasonable for the appellant to do so. *See id.* at 1365. The Court of Appeals for the Third Circuit further held in *Kraus* that it will "narrowly construe and sparingly apply the 'unique circumstances' exception to time restrictions." *Id.*